UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

James E. Denham,

    Plaintiff,

    v.    Case No. 1:14cv611

Commissioner of Social Security    Judge Michael R. Barrett

    Defendant.

**ORDER**

This matter is before the Court upon the Magistrate Judge's September 18, 2015 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 17).

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 23).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here. In his objections, Plaintiff argues that the ALJ's decision

regarding Plaintiff's mental residual capacity is not supported by substantial evidence because the ALJ gave more weight to the opinion of non-examining, state agency reviewing psychologist Dr. Leslie Rudy than to the opinions of one-time examining psychologists Drs. Susan Kenford and Jessica Twehues.

The Magistrate Judge did not err in finding that the ALJ correctly weighed the opinions. The one-time examining psychologists' opinions were internally inconsistent and inconsistent with the record as a whole. Further, the fact that there are two consulting opinions does not affect the ability of the ALJ to assign little weight to them because they are virtually identical and do not show a severe decrease in mental stability.

In general, controlling weight is given to treating physician's opinions. 20 C.F.R. §404.1527(c)(1). However, when treating opinions are not controlling, the ALJ will consider the following factors when deciding the weight to give to any medical opinion: examining relationship, treatment relationship, length of treatment and frequency of the examination, nature and extent of the treatment relationship, supportability, consistency, specialization, and other factors. Id § 416.927(c).

The ALJ gave "little weight" to the opinion of Dr. Kenford. (Tr. 21). The ALJ noted that Dr. Kenford's assessment appeared to rely heavily on Plaintiff's subjective statements. (Tr. 14). As the Magistrate Judge explained, outside of a one-paragraph hospital discharge summary Dr. Kenford received to review before meeting with Plaintiff, all of Dr. Kenford's findings were based on self-reported information. (Tr. 848). However, as the ALJ noted, Dr. Kenford found the Plaintiff to be an unreliable historian. (Tr. 848).

The ALJ also found that Plaintiff's presentation at the evaluation with Dr. Kenford

2

did not accurately reflect his functional status. (Tr. 22). Dr. Kenford found that Plaintiff had few supporters. (Tr. 853) However, Plaintiff was living with his son and his son's girlfriend; spoke regularly with his daughter; and had three good friends. Dr. Kenford also found that Plaintiff was irritable but cooperative and that this would cause problems with co-workers or supervisors. (Tr. 853). However, in Plaintiff's own recounting of his occupational history he explained that he worked as a mechanic for 10 years at one job; and then worked as a maintenance worker for a warehouse for two years and was terminated because the company closed. (Tr. 849).

The ALJ found Dr. Twehues' opinion also lacked support. Similar to Dr. Kenford, Dr. Twehues found that Plaintiff's social functioning was diminished and that his ability to relate to others was markedly impaired. (Tr. 991). Yet, Dr. Twehues also reported that Plaintiff discussed how close he was to his two living brothers, his father, two children and friends. (Tr. 987-88). Dr. Twehues reported that Plaintiff was a "cooperative man with whom rapport was easily established," and that he was "adequately organized and easily followed conversationally." (Tr. 988-89). This inconsistency undercuts Dr. Twehues' finding that he is unable to relate well to others. Dr. Twehues also found that Plaintiff worries and cries frequently and that his "energy is limited and is easily fatigued." (Tr. 990). However, Dr. Twehues also reported that during the exam Plaintiff was "alert, responsive, and oriented…" (Id.).

In addition to finding the opinions of Drs. Kenford and Twehues internally inconsistent, the ALJ found them to be inconsistent with the record on the whole. (Tr. 21). As the Magistrate Judge explained, Plaintiff has not received treatment for his mental health, other than receiving a prescription for Paxil and Clonazepam. (Tr. 850,

3

988).  Plaintiff reported that he stopped taking this medication because it made him feel worse.  (Tr. 22).  While Drs. Kenford and Twehues found that Plaintiff was impaired in his social functions, his ability to follow instructions, his ability to maintain attention and concentration, and his stress management, there is evidence in the record that Plaintiff is able to finish what he starts, follows written and spoken instructions well, gets along well with authority figures, has never been terminated for not getting along with other people, and is able to adapt to changes in routine.  (Tr. 466-67).  Plaintiff reported that he gets along "ok" with authority figures and that he walks away if he gets aggravated.  (Tr. 457).

The ALJ found Dr. Rudy's opinion was more consistent and supported by the record.  As the Magistrate Judge explained, Dr. Rudy reviewed Plaintiff's medical record, including Dr. Kenford's mental assessment, before providing her opinion.  Dr. Rudy noted that Plaintiff took care of his personal needs independently; and that he was capable of managing his own person and finances. (Tr. 868). Dr. Rudy stated that Plaintiff's relationship with his family and friends would not support a finding of marked social limitations.  (Tr. 868).  Dr. Rudy also examined Dr. Kenford's findings in light of the entire medical record and found Plaintiff's presentation with Dr. Kenford is likely not credible, given that he sought no outside treatment and presented no problems in multiple doctor and hospital visits.  (Tr. 868).  Dr. Rudy noted that Plaintiff's work history is devoid of incidences of difficulty dealing with coworkers or supervisors. (Tr. 868).

Citing *Norris v. Comm'r of Soc. Sec.*, 461 F.App'x 434 (6th Cir. 2012) and *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 508 (6th Cir. 2010), the Magistrate Judge explained that the ALJ properly gave more weight to Dr. Rudy—a non-examining psychologist—than

4

Drs. Kenford and Twehues—who were examining psychcologists.[1]  Plaintiff argues that these cases are distinguishable because in *Norris* and *Ealy*, there was only one consulting psychologist's opinion, and here, there are two consulting psychologists' opinions.  However, there is no case law to suggest that the number of consultations should factor into the ALJ's opinion.   Instead, the ALJ properly considered all appropriate factors and gave good reasons for rejecting two consulting psychologists' opinions and for favoring Dr. Rudy's opinion.

Plaintiff argues that the ALJ cannot rely on Dr. Rudy's opinion and adopt her findings because Dr. Rudy gave her evaluation before Dr. Twehues saw Plaintiff and could therefore not respond to Dr. Twehues' findings. (Doc 23 at 3, 5). However, according to Plaintiff's own admissions, Dr. Twehues' assessment is "virtually identical" to Dr. Kenford's.  (Doc. 15 at 11).   As the Magistrate Judge explained, Plaintiff does not cite to evidence which would have likely changed Dr. Rudy's opinion due to worsening circumstances.

Therefore, the Court concludes that the ALJ properly weighed the opinions of Drs. Kenford and Twehues.   Plaintiff's objections are OVERRULED.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's

---

[1] The facts in both *Norris* and *Ealy* are nearly identical to the facts present in this case. In *Norris* and *Ealy*, the plaintiffs alleged physical and mental impairments.  Neither had treating mental health physicians.  *Norris*, 461. F.App'x 435; *Ealy* 594 F.3d 508-09.  In each case, both the plaintiffs saw a one-time consulting psychologist who gave an opinion recommending disability based on mental impairment.  *Norris*, 461. F.App'x 436; *Ealy* 594 F.3d 508-09.  Later, reviewing psychologists found that these opinions were not supported by the record; and the ALJs agreed with this finding and denied benefits.   *Norris*, 461. F.App'x 437; *Ealy* 594 F.3d 508-09.  The Sixth Circuit held that so long as the ALJ's decision to give more weight to the reviewing psychologists' opinion was supported by the record, the decision would stand.  *Norris*, 461. F.App'x 439; *Ealy* 594 F.3d 514-15.

September 18, 2015 R&R. (Doc. 22). Accordingly, the decision of the Commissioner is **AFFIRMED**. This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

    **IT IS SO ORDERED.**

                                             *s/Michael R. Barrett*
                                             Michael R. Barrett, Judge
                                             United States District Court